IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Majken Janelle Robinson, | ) | C/A No.: 1:11-3082-CMC-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

The sole issue in this Report and Recommendation is whether Majken Janelle Robinson ("Plaintiff") should be required to pay the filing fee, or whether Plaintiff's financial condition justifies waiver of the payment. Plaintiff has commenced this action pursuant to 42 U.S.C. § 405(g) requesting review of the Commissioner of Social Security's decision denying her application for disability benefits. All pretrial proceedings in this matter were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

I.   Procedural Background

Plaintiff filed an Application to Proceed without Prepayment of Fees and Affidavit (Form AO-240). [Entry #3]. The Form A-240 states: "Upon my father's death and the sale of his house I received $79,500." *Id.* at 2. Plaintiff further reported $79,000 in cash or checking or savings accounts. *Id.*

On November 21, 2011, the undersigned issued an order directing Plaintiff to explain why she could not pay the filing fee. [Entry #11]. Plaintiff answered as follows:

"I am trying to make the inheritance last ten years. I have only $500.00 per month allowance to pay electricity, medical care and personal needs." [Entry #14].

II.  Discussion

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed in forma pauperis.[1] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id*. at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits this Report and Recommendation to preserve Plaintiff's opportunity to obtain a *de novo* review by the district judge on objections.

---

[1] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed in forma pauperis is in the district court. *Gent v. Radford University*, 187 F.3d 629 (Table), 1999 WL 503537, *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id*.

A litigant is not required to show that she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D.Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of her "impecunity"?
>
> (2) Is her access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute her last dollar, or render herself destitute, to prosecute her claim?

*Id.* at 943; *see also Abbot v. Commissioner of Social Security*, C/A No. 4:10-2253-JFA-TER, 2010 WL 4226151 at *1 (D.S.C. Sept. 17, 2010); *Schoenfeld v. Donaghue*, C.A. No. 4:07-617-RBH, 2007 WL 1302659 at *3 (D.S.C. May 2, 2007).

Upon review of the information before the court, mindful of the tests set forth in *Carter*, it does not appear that Plaintiff would be rendered destitute by paying the filing fee of $350.00, nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. *See Carter*, 452 at 942 (plaintiff was not indigent because he had the right to collect a judgment of

$5,486.76). Therefore, the undersigned recommends Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [Entry #3] be denied.

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit.  If the district judge accepts this recommendation, Plaintiff would have 14 days from the date of the order denying to submit the required filing fee.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 5, 2011                                       Shiva V. Hodges
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**