# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Majken Janelle Robinson, ) | C/A No. 1:11-3082-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on February 5, 2013, recommends that the decision of the Commissioner be affirmed. Dkt. No. 37. Plaintiff filed objections to the Report on March 1, 2013 (Dkt. No. 41), to which the Commissioner replied on March 18, 2013 (Dkt. No. 42). For reasons stated below, the court declines to adopt the Report in full, reverses the Commissioner's decision, and remands the case to the Commissioner for further proceedings.

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. *See* Dkt. No. 42 at 1 n.1. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g).

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically

accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff objects to the Report's findings as to the Administrative Law Judge's ("ALJ") (1) analysis of Dr. Schleuter's opinion, and (2) determination of Plaintiff's residual functional capacity ("RFC"). Plaintiff does not object to the Report's finding that the ALJ properly considered Plaintiff's mental impairments. The Commissioner argues that Plaintiff is asking the court to improperly re-weigh the evidence presented to the ALJ, and that the Commissioner's decision is supported by substantial evidence. Dkt. No. 42.

**Dr. Schleuter's Opinion.** Beginning on October 20, 2008, Plaintiff was seen somewhat regularly at the Margaret J. Weston Community Health Centers ("Weston Center") by several physicians. Plaintiff was treated at the Weston Center for hip pain, back pain, headaches, depression, diabetes mellitus, urinary incontinence, restless leg syndrome, and degenerative disc disease and stenosis. On July 30, 2009, Dr. Schleuter, a physician at the Weston Center, completed a Physical Capacities Evaluation Form for Plaintiff. Dr. Schleuter opined that Plaintiff could sit and stand one hour in an eight-hour day, and was unable to walk during the workday. Tr. 354. He opined that she could occasionally lift one to ten pounds, but never more than ten pounds; could occasionally push and pull one to ten pounds; and should never stoop, kneel, crouch, twist, or climb stairs. *Id.* He further opined that Plaintiff could occasionally handle, finger, and feel; could occasionally reach

3

above shoulder and at waist level, but never below waist level; and should never be exposed to heat. Tr. 354-355. Dr. Schleuter concluded that Plaintiff's permanent limitations existed since 2003 and that she is "fully disabled." Tr. 355.

> With regard to Dr. Schleuter's opinion, the ALJ stated the following:
>
> That [Physical Capacities Evaluation Form] describes extreme functional limitations in the claimant that would preclude all sustained work activity (the vocational expert confirmed that conclusion in his testimony in response to a question from the claimant's attorney). The claimant testified that Dr. Schleuter examined her one time at the Weston Community Health Center and never treated her on an ongoing basis. Thus, it is first clear that Dr. Schleuter is not a treating source for the claimant, and his opinion is not entitled to any particular weight. More importantly, the extreme limitations suggested by Dr. Schleuter are not supported by objective clinical findings of his own or any other physician treating or examining the claimant. The treatment note from the day his document was prepared (Exhibit 16F, page 4) does not describe clinical findings of that severity, nor do the ongoing treatment notes from other physicians at the Weston Center. The two consultative examiners did not make findings sufficient to support that degree of limitation.

Tr. at 26.

Plaintiff argued in her opening brief that Dr. Schleuter should be considered a treating physician, or at the very least a consultative examiner. The Report concluded that Dr. Schleuter was not a treating physician because he did not have a long-term relationship with Plaintiff to provide "a detailed, longitudinal picture." The Report, therefore, concluded that Dr. Schleuter's opinion was not entitled to controlling weight as a treating physician. The Report also found that the ALJ did not err in stating Dr. Schleuter's "opinion is not entitled to any particular weight" because the Report interpreted that statement to mean "that the opinion is not entitled to the deference accorded treating medical sources." The court agrees that the ALJ did not err in stating Dr. Schleuter's opinion was not entitled to any particular weight to the extent he meant that Dr. Schleuter's opinion was not entitled to controlling weight as a treating physician.

4

Plaintiff objects that this finding, however, does not adequately address her issue. She argues that (1) the ALJ should have considered the factors in 20 C.F.R. § 416.927 because the ALJ did not give controlling weight to a treating source opinion; (2) the ALJ should have given more weight to Dr. Schleuter's opinion than the non-examining physicians' opinions because Dr. Schleuter examined Plaintiff; and (3) the ALJ's reasons for rejecting Dr. Schleuter's opinion are not supported by substantial evidence.  Plaintiff also argues that her "primary concern" is that "the ALJ has substituted his own judgment for competent medical opinion."  Dkt. No. 41 at 4.

The regulations require that all medical opinions in a case be considered, 20 C.F.R. § 416.927(b), and, unless a treating source's opinion is given controlling weight, all medical opinions are weighed according to the following non-exclusive list:  the examining relationship; the treatment relationship; the length of the treatment relationship and the frequency of the examinations; the nature and extent of the treatment relationship; the evidence with which the physician supports his opinion; the consistency of the opinion; and whether the physician is a specialist in the area in which he is rendering an opinion.  20 C.F.R. § 416.927(c)(1)-(5).  The ALJ discussed many of the factors set forth in 20 C.F.R. § 416.927(c) when evaluating Dr. Schleuter's opinion, including the extent of the treatment relationship ("one time"), the consistency of the opinion with the objective evidence ("not supported by objective clinical findings of his own or other physician"), and the consistency of the opinion with other opinion evidence ("The two consultative examiners did not make findings sufficient to support that degree of limitation).  Tr. 26.  The court, therefore, finds that the ALJ considered the factors set forth in 20 C.F.R. § 416.927.

The court cannot determine, however, whether the reasons offered by the ALJ for discounting Dr. Schleuter's opinion are supported by substantial evidence.  The ALJ found that the treatment

5

notes of Dr. Schleuter from the day the opinion was prepared, as well as the treatment notes from other physicians at the Weston Center, do not support "the extreme limitations suggested by Dr. Schleuter." *Id.* However, the ALJ did not specify why the treatment notes did not support the level of severe limitations described by Dr. Schleuter. The court has reviewed the treatment notes from Dr. Schleuter and the other physicians at the Weston Center, and finds that the treatment notes contain objective clinical findings as to Plaintiff's back and hip pain. For example, on December 16, 2008, treatment notes indicate that Plaintiff has muscle spasms and back pain, and that recent trigger point therapy in her back lasted for two weeks. Tr. 371. The notes contain a prescription for more trigger point injections in her back. *Id.* On May 20, 2009, treatment notes indicate tenderness and stiffness in Plaintiff's right hip and back pain, and the physician makes a referral to an orthopedist. Tr. 370. On June 30, 2009, Dr. Schleuter's treatment notes, although difficult to read, indicate he found tenderness in Plaintiff's hip, thoracic spine and sacrum. Tr. 369. On August 25, 2009, treatment notes indicate a finding of tenderness in Plaintiff's lumbar spine and sacrum. The report also notes Plaintiff had an MRI since her last visit with Dr. Schleuter, which confirmed degenerative disc disease, stenosis, and pressure on the SI root. Tr. 368. *See also* Tr. 363 (August 12, 2009, MRI results: L3-4 degenerative disc disease as well as reactive facet disease; L4-5 spinal stenosis due to hypertrophic reactive changes of the posterior elements with what appears to be a significant spinal stenosis; L5-S1 bilateral recess stenosis secondary to hypertropic changes of the posterior elements with possible small synovial cyst compromising left S1 nerve root). The treatment notes show that Plaintiff was referred to a neurosurgeon. *Id.*

Based on the court's review of the Weston Center treatment notes and the lack of explanation by the ALJ, it is not apparent why the ALJ concluded that Dr. Schleuter's opinion was inconsistent

with the treatment notes from the Weston Center. The court cannot, therefore, determine whether the ALJ's decision to discount Dr. Schleuter's decision is supported by substantial evidence. The court, therefore, reverses the Commissioner's decision and remands the matter to the ALJ to properly consider Dr. Schleuter's opinion.

**RFC.** Plaintiff also objects to the Report's finding that the ALJ adequately considered Plaintiff's ability to sit and ulnar neuropathy when determining her RFC.

*(1) Ability to Sit.* The ALJ found that Plaintiff's degenerative disc disease with lower back pain is a severe impairment. As explained above, MRI evidence confirms that Plaintiff has degenerative disc disease at L-3/L-4, spinal stenosis at L-4/L-5, and stenosis at L-5/S-1, with a possible cyst at that level. Tr. 363. Plaintiff testified that she is unable to stand or sit too long and that lying down is the only thing that relieves her back pain. Plaintiff testified that elevating her legs reduces her pain. Dr. Schleuter opined that Plaintiff can sit for one hour during an eight-hour workday. Tr. 354. The ALJ did not include a sitting restriction in her RFC but did limit Plaintiff's standing or walking to two hours in a workday. Tr. 21. Plaintiff now objects to the Report's finding that the ALJ did not err by not including a sitting restriction.[2] In view of the ALJ's reconsideration of Dr. Schleuter's opinion on remand, the court also directs the ALJ to consider whether Plaintiff is limited in her ability to sit.

*(2) Ulnar Neuropathy.* Plaintiff argues that her left ulnar neuropathy is a severe impairment and should have been considered when determining her RFC. Dr. Schleuter opined that Plaintiff

---

[2] Because she "relies on her own testimony regarding her inability to sit for long periods of time," the Report concluded that her "allegation of error is, at its core, a challenge to the ALJ's credibility determination." Report at 28. The Report ultimately concluded that the ALJ's decision to discount her credibility is supported by substantial evidence.

should be limited to only occasional handling and fingering. In view of the ALJ's reconsideration of Dr. Schleuter's opinion on remand, the court also directs the ALJ to consider whether Plaintiff's left ulnar neuropathy limits her ability to work at steps two and four.

**Mental Impairments.** The Report concluded that the ALJ properly considered Plaintiff's mental impairments when determining her RFC. Plaintiff does not object to this portion of the Report. Having reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error, and finding none, the court adopts and incorporates this portion Report by reference (Report at 31-32).

## CONCLUSION

For reasons set forth above, the court declines to adopt the Report and Recommendation of the Magistrate Judge as to Dr. Schleuter's opinion (Report at 21-25). Based on the court's remand of this matter to consider Dr. Schleuter's opinion, the court also directs the ALJ to consider Plaintiff's ulnar neuropathy and her ability to sit. The court reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remands the case to the Commissioner for further proceedings consistent with this order.

**IT IS SO ORDERED.**

                                                  S/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 19, 2013