**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Majken Janelle Robinson, | ) | C/A No. 1:11-3082-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's petition for attorney's fees pursuant to the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Plaintiff seeks an award of attorney's fees in the

amount of $6,077.55, representing 33.3 attorney hours, and costs in the amount of $373.00.

Defendant ("Commissioner") opposes the petition, arguing that Plaintiff is not entitled to an award

of fees because the Commissioner's position in this case was substantially justified.  For reasons set

forth below, the court denies Plaintiff's motion.

**BACKGROUND**

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") on December 11, 2008, alleging that her disability began on May 18, 2008.  The

Administrative Law Judge ("ALJ") issued a decision denying benefits on March 1, 2011, which

became the final decision of the Commissioner of Social Security when the Appeals Council denied

_____

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the
Acting Commissioner of Social Security on February 14, 2013.  As provided in the Social Security
Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any
change in the person occupying the office of Commissioner of Social Security or any vacancy in
such office."  42 U.S.C. § 405(g).  For ease, the court refers to the Acting Commissioner as the
Commissioner.

Plaintiff's request for review.

Plaintiff filed this action on November 10, 2011. Dkt. No. 1. On February 5, 2013, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed. Dkt. No. 37. On March 19, 2013, this court did not adopt the Report in full, and instead reversed the Commissioner's decision and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 43.

## STANDARD

Under the EAJA, a court is directed to award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). When determining whether the government's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993).

## DISCUSSION

The Magistrate Judge concluded that the reasons offered by the ALJ for discounting Dr. Schleuter's opinion were adequate and supported by the record. The undersigned disagreed:

Based on the court's review of the Weston Center treatment notes and the lack of

explanation by the ALJ, it is not apparent why the ALJ concluded that Dr. Schleuter's opinion was inconsistent with the treatment notes from the Weston Center. The court cannot, therefore, determine whether the ALJ's decision to discount Dr. Schleuter's decision is supported by substantial evidence. The court, therefore, reverses the Commissioner's decision and remands the matter to the ALJ to properly consider Dr. Schleuter's opinion.

Dkt. No. 43 at 6-7. In light of the remand, the court also directed the ALJ to consider Plaintiff's ulnar neuropathy and her ability to sit. *Id.* at 7-8. The court, however, did adopt the portion of the Report that concluded the ALJ properly considered Plaintiff's mental impairments when determining her residual functional capacity ("RFC"). *Id.* at 8.

While not determinative, the fact that the Magistrate Judge recommended that the Commissioner's decision be affirmed suggests that the Commissioner's position was substantially justified. *See Levine v. Astrue*, No. 09-1737-HMH-PJG, 2010 WL 3522383, at *2 (D.S.C. Sept. 3, 2010) (noting that magistrate judge's recommendation to affirm and district court's decision to reverse and remand supported defendant's argument that Commissioner's position was substantially justified). Considering the totality of the circumstances, the court finds that the Commissioner's position was substantially justified, *i.e.*, "justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. at 565. Plaintiff's petition for EAJA fees is, therefore, denied.

## CONCLUSION

For reasons set forth above, the court finds that the Commissioner's position was substantially justified and denies Plaintiff's petition for EAJA fees (Dkt. No. 45).

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 11, 2013

3