# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Majken Janelle Robinson, ) | C/A No. 1:11-3082-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Carolyn W. Colvin, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on the petition of Plaintiff's attorney for fees pursuant to 42 U.S.C. § 406(b). ECF No. 49. For the reasons set forth below, the petition is granted in full.

Plaintiff's attorney seeks an award of attorney's fees in the amount of $13,953.23, which is twenty-five percent (25%) of the past-due benefits awarded to Plaintiff. This percentage is consistent with the terms of the written contingency fee agreement between Plaintiff and her attorney. The amount sought would result in an equivalent hourly rate of approximately $294 per hour for the 47.5 hours of attorney time counsel asserts was spent on the matter. Defendant does not oppose the petition, though she does direct the court to one area for consideration: attorney time relating to a period when the matter was on remand. ECF No. 50.[1]

In light of the contingent nature of the fees and other relevant considerations (*e.g.*, complexity of the matter, adequacy of representation, and absence of any delay caused by counsel), the court finds the fee sought and equivalent hourly rate are reasonable. *See Gisbrecht v. Barnhart*, 535 U.S.

---

[1] Defendant points to hours worked after this court's remand of the matter for further proceedings. As Plaintiff's counsel has indicated he will not seek any additional recovery for time spent during administrative proceedings, the court does not find the inclusion of these hours in the recitation of hours worked justifies any reduction in the agreed contingency fee.

789 (2002) (approving fees based on contingency-fee agreement subject to review for reasonableness, which review considers, *inter alia*, whether there has been substandard representation or delay caused by counsel). The court, therefore, approves payment of attorney's fees to Plaintiff's attorney under 42 U.S.C. § 406(b) in the amount of $13,953.23. This amount is to be paid from the past-due benefits. Because Plaintiff's earlier petition for fees under the Equal Access to Justice Act was denied, there are no amounts to be offset or refunded to Plaintiff.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
December 9, 2014